SUPPRESSED

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NOV 1 8 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EMMITT T. TINER, and<br>MATISSIA S. HOLT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Criminal No. 20-30166-SPM

Title 18, United States Code, Sections
2, 875(b), 1028A, 1341, 1343, 1951,
1956(a)(1)(B)(i), 1957, Title 31, United
States Code, Section 5324(a)(2), and
Title 42, United States Code, Sections
408(a)(7)(B) & 408(a)(8)

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**(Wire Fraud – 18 U.S.C. § 1343)**

1.      At times material to this indictment:

    a.      Defendant EMMITT T. TINER ("TINER") was a resident of Belleville, Illinois, and O'Fallon, Illinois.

    b.      K.G. was a resident of Florissant, Missouri.  K.G. was the owner of a small business located in Missouri which did business in interstate commerce.

    c.      R.G. was a resident of Belleville, Illinois.  R.G. was an owner of a small business located in Illinois which did business in interstate commerce.

    d.      U.S. Bank, Associated Bank, Regions Bank, and Scott Credit Union were all financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC).  All of these banks conducted business in interstate commerce.

2.      From at least December 4, 2015, through at least November 10, 2020, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, knowingly devised and engaged in a scheme to defraud his victims, and to obtain money, funds, and property belonging to his victims by means of materially false and fraudulent pretenses, representations, and promises.

3.     It was the object of the scheme that TINER obtained more than $2,000,000 in funds belonging to his victims.

4.     TINER targeted as his victims individuals who owned and had access to large amounts of money.  Often, TINER targeted owners of small businesses.

5.     After he selected his victims, TINER devised methods to fraudulently obtain as much money as possible from them.  These methods involved false and fraudulent pretenses, representations, and promises.

6.     TINER also attempted to obtain money from his victims by manipulating them and instilling fear in them.

7.     When the victims asked him to repay them, TINER provided false excuses about why he was unable to repay them.

8.     TINER occasionally falsely promised to repay the victims with the proceeds of certain lawsuits and insurance distributions.

9.     After he obtained some initial funds from his victims, TINER frequently solicited his victims to engage in some type of criminal conduct, or attempted to convince his victims that he had engaged in some type of criminal conduct on their behalf.

10.    TINER frequently attempted to obtain additional funds from his victims by falsely telling them that they were responsible for the alleged criminal conduct and by threatening to expose their alleged culpability to law enforcement authorities.

11.     TINER further attempted to force his victims to provide additional funds to him by making implied and express threats of physical harm to the victims and their family members.

12.     On or about September 16, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals from St. Clair County, to Missouri, namely a text message which falsely stated that K.G. was involved in a drug trafficking transaction with TINER;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO
### (Wire Fraud – 18 U.S.C. § 1343)

1.      Paragraphs 1 through 11 of Count One of this indictment are realleged here.

2.      On or about September 21, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

### EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, from St. Clair County, to Missouri, namely a text message which falsely stated that K.G. owed money to individuals with whom TINER had arranged a drug trafficking transaction;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE
### (Interstate Communications with Intent to Extort – 18 U.S.C. § 875(b))

On or about September 16, 2017, in St. Clair County, Illinois, within the Southern District of Illinois, and elsewhere,

### EMMITT T. TINER,

defendant herein, knowingly and with intent to extort money from K.G., did transmit in interstate commerce, from Saint Clair County, to Missouri, a text message to K.G., which contained a threat to injure K.G., specifically a text message which stated: "If you want to do the right thing . . . . make THIS right . . . and calm the murderous rage i have growing inside GIVE ME MY MONEY BACK!!!";

In violation of Title 18, United States Code, Section 875(b).

4

## COUNT FOUR
**(Interstate Communications with Intent to Extort – 18 U.S.C. § 875(b))**

On or about September 20, 2017, in St. Clair County, Illinois, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, knowingly and with intent to extort money from K.G., did transmit in interstate commerce, from St. Clair County, to Missouri, a text message to K.G., which contained a threat to injure K.G., specifically a text message which stated: "[I]f you say sometime (sic) to piss me off . . . all loyalty is out the window and ill (sic) come find you and end you";

In violation of Title 18, United States Code, Section 875(b).

## COUNT FIVE
**(Interstate Communications with Intent to Extort – 18 U.S.C. § 875(b))**

On or about October 2, 2017, in St. Clair County, Illinois, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, knowingly and with intent to extort money from K.G., did transmit in interstate commerce, from St. Clair County, to Missouri, a text message to K.G., which contained a threat to injure K.G., his family, and friends, specifically a text message which stated: "If you do not give me my money back I (sic) gave you in my account and we lose all that money . . . . anybody related to you . . . work with you . . . friends with you . . . . lives with you . . . knows you . . . etc will pay the consequences of you f****** me . . . . . . then and only then when they think you have experienced enough loss and pain will they look for you!!!!!";

In violation of Title 18, United States Code, Section 875(b).

**COUNT SIX**
**(Interstate Communications with Intent to Extort – 18 U.S.C. § 875(b))**

On or about October 6, 2017, in St. Clair County, Illinois, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, knowingly and with intent to extort money from K.G., did transmit in interstate commerce, from St. Clair County, to Missouri, a text message to K.G., which contained a threat to injure K.G., specifically a text message which contained a picture of a police car and a news story headline reading: "Driver flips car after being shot," and followed by a text message which stated: "Heres (sic) a lil hint for you!!!! . . . . and remember our talk keep your mouth quiet!!! here on out . . . . .";

In violation of Title 18, United States Code, Section 875(b).

**COUNT SEVEN**
**(Mail Fraud – 18 U.S.C. § 1341)**

1.      Paragraphs 1 through 11 of Count One of this indictment are realleged here.

2.      On or about September 12, 2020, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be delivered by mail, according to the direction thereon, an envelope, containing a letter in which TINER threatened to turn over to federal law enforcement authorities the evidence he had fabricated if R.G. did not pay him additional monies, that envelope being delivered to the residence of R.G. in Belleville, Illinois;

In violation of Title 18, United States Code, Section 1341.

6

## COUNT EIGHT
### (Mail Fraud – 18 U.S.C. § 1341)

1.      Paragraphs 1 through 11 of Count One of this indictment are realleged here.

2.      On or about October 9, 2020, in St. Clair County, within the Southern District of Illinois, and elsewhere,

### EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be delivered by mail, according to the direction thereon, an envelope, containing a letter in which TINER threatened to provide the evidence he had fabricated to law enforcement, and cause R.G. to be sent to jail, if R.G. did not pay him additional monies, that envelope being delivered to the residence of R.G. in Belleville, Illinois;

In violation of Title 18, United States Code, Section 1341.

7

## COUNTS NINE THROUGH TWENTY
### (Extortion – 18 U.S.C. § 1951)

On or about the dates set forth in the table below, in St. Clair County, Illinois, within the Southern District of Illinois,

### EMMITT T. TINER,

defendant herein, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is TINER obtained the property of R.G., specifically the funds identified in the table below, with R.G.'s consent induced by the wrongful use of fear, each action on each date constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 9 | 12/13/2018 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $160,000 |
| 10 | 01/30/2019 | Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $110,000 |
| 11 | 02/07/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $50,000<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $25,000 |
| 12 | 02/15/2019 | Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $111,000 |
| 13 | 03/05/2019 | Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $111,000 |

| 14 | 03/19/2019 | Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $111,000 |
|---|---|---|
| 15 | 04/03/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $118,000<br><br>Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $42,000<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $42,000 |
| 16 | 05/01/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $100,000<br><br>Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $75,000<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $75,000 |
| 17 | 05/28/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $100,000<br><br>Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $75,000<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $75,000 |
| 18 | 08/15/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $300,000 |
| 19 | 10/22/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $375,000 |

| 20 | 12/02/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $50,000<br><br>Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $25,000<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $25,000 |
|---|---|---|

All in violation of Title 18, United States Code, Section 1951.

## COUNT TWENTY ONE
### (Health Care Fraud – 18 U.S.C. § 1347)

1.      At times material to this indictment:

      a.      The Illinois Department of Human Services ("IDHS") operated a program known as the Home Services Program.  This program provided services to low income individuals with severe disabilities so they could remain in their homes and remain as independent as possible.

      b.      One of the Homes Services Programs was known as the Personal Assistant program.   Personal Assistants provided assistance with household tasks and personal care. Personal Assistants were selected and supervised by the disabled person.

      c.      Funding for the Illinois Home Services Program, including the Personal Assistant program, was provided by the federal government, through the United States Department of Health and Human Services ("HHS").  The program was jointly funded, with one half paid by HHS and the other half paid by the State of Illinois.  The Illinois Home Services Program was a health care benefit program, as defined by Title 18, United States Code, Section 24(b).

      d.      The Illinois Personal Assistant program had certain financial eligibility criteria.  To be eligible, applicants who were single could not have more than a certain amount of assets, excluding their personal residence and one vehicle.  Married applicants were not entitled to have more than a certain higher amount in assets, again excluding their residence and one vehicle.

      e.      Each year, applicants/recipients of Personal Assistant benefits were required to sign a Home Services Program Financial Data Sheet.   On this form, the applicants/recipients were required to list their assets, including savings accounts, checking accounts, and cash on hand.  In addition, applicants/recipients were required to certify whether they had transferred assets to another party within 36 months preceding their application.

11

       f.      Each year, an IDHS Rehabilitation Counselor performed an assessment of each applicant/recipient.  During this assessment, the counselor determined the level of assistance that the applicant/recipient required in performing his or her household tasks and providing for his or her personal care.  This assessment then determined the number of Personal Assistant hours for which IDHS would pay.

       g.     Personal Assistants were only permitted to be paid for hours worked when the applicant/recipient was physically present in his or her home.

    2.      From at least October 27, 2010, through at least December 23, 2019, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, knowingly devised and engaged in a scheme to defraud the Illinois Home Services Program, and to obtain money under the custody and control of the Illinois Home Services Program by means of materially false and fraudulent pretenses, representations, and promises.

    3.      It was the object of the scheme that TINER and HOLT obtained approximately $158,212.16 in funds belonging to the Illinois Home Services Program.

    4.      On approximately October 27, 2010, TINER caused a referral to be submitted for the Illinois Personal Assistant program.  TINER was approved to begin receiving Personal Assistant benefits on approximately August 17, 2012.

    5.      In order to qualify for the program, and to increase the number of hours that his Personal Assistant could be paid under the program, TINER made materially false representations to IDHS employees regarding his physical capabilities.  Specifically, TINER falsely told IDHS employees that he was unable to walk and unable to drive an automobile.

12

6.      To further qualify for the program, TINER also made materially false representations on Home Services Program Financial Data Sheets regarding his assets. Specifically, TINER represented that his assets did not exceed $17,500, and concealed the funds he had received from the victims of his Extortion and Mail/Wire Fraud Scheme.

7.      To further qualify for the program, TINER also made materially false representations on Home Services Program Financial Data Sheets regarding his transfers of assets. Specifically, TINER represented that he had not transferred assets to another party within the preceding 36 months, and concealed the fact that he had transferred over a million dollars of his Extortion and Mail/Wire Fraud Scheme to HOLT.

8.      From approximately April 26, 2016, until TINER was terminated from the program on approximately December 3, 2019, HOLT was TINER's Personal Assistant.

9.      TINER and HOLT submitted "Home Services Program Time Sheets" to the Illinois Home Services Program on which they falsely certified that HOLT had provided Personal Assistant services to TINER which she had not actually performed.

10.     TINER and HOLT submitted "Home Services Program Time Sheets" to the Illinois Home Services Program claiming payment for work performed when TINER was not physically present at his home.

11.     On or about August 23, 2016, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully made a false representation to a IDHS Rehabilitation Counselor, specifically that he used a wheelchair to move around;

In violation of Title 18, United States Code, Section 1347.

13

## COUNT TWENTY TWO
### (Health Care Fraud – 18 U.S.C. § 1347)

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about March 15, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided 5 hours of Personal Assistant service for TINER on March 11, 2017, when, as defendants well knew, TINER was at the Ameristar Casino in East Chicago, Indiana, on that date;

In violation of Title 18, United States Code, Section 1347.

14

## COUNT TWENTY THREE
### (Health Care Fraud – 18 U.S.C. § 1347)

1.        Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.        On or about April 15, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and<br>
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided 5 hours of Personal Assistant service for TINER on April 7, 2017, when, as defendants well knew, TINER was at the Ameristar Casino in East Chicago, Indiana, on that date;

In violation of Title 18, United States Code, Section 1347.

15

## COUNT TWENTY FOUR
### (Health Care Fraud – 18 U.S.C. § 1347)

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about May 15, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided 5 hours of Personal Assistant service for TINER on May 11, 2017, when, as defendants well knew, TINER was at the Ameristar Casino in East Chicago, Indiana, on that date;

In violation of Title 18, United States Code, Section 1347.

16

## COUNT TWENTY FIVE
### (Health Care Fraud – 18 U.S.C. § 1347)

1.        Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.        On or about May 31, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided 4 hours of Personal Assistant service for TINER on May 25, 2017, when, as defendants well knew, TINER was at the Ameristar Casino in East Chicago, Indiana, on that date;

In violation of Title 18, United States Code, Section 1347.

17

## COUNT TWENTY SIX
**(Health Care Fraud – 18 U.S.C. § 1347)**

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about June 30, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided 6 hours of Personal Assistant service for TINER on June 25, 2017, when, as defendants well knew, TINER was at the Ameristar Casino in East Chicago, Indiana, on that date;

In violation of Title 18, United States Code, Section 1347.

18

## COUNT TWENTY SEVEN
### (Health Care Fraud – 18 U.S.C. § 1347)

1.     Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.     On or about August 30, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully made a false representation to a IDHS Rehabilitation Counselor, specifically that he used a wheelchair to move around;

In violation of Title 18, United States Code, Section 1347.

## COUNT TWENTY EIGHT
### (Health Care Fraud – 18 U.S.C. § 1347)

1.     Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.     On or about October 1, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided 5 hours of Personal Assistant service for TINER on September 24, 2017, when, as defendants well knew, TINER was at the Ameristar Casino in East Chicago, Indiana, on that date;

In violation of Title 18, United States Code, Section 1347.

19

## COUNT TWENTY NINE
### (Health Care Fraud – 18 U.S.C. § 1347)

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about November 16, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided 5 ½ hours of Personal Assistant service for TINER on November 4, 2017, when, as defendants well knew, TINER was at the Ameristar Casino in East Chicago, Indiana, on that date;

In violation of Title 18, United States Code, Section 1347.

20

**COUNT THIRTY**
**(Health Care Fraud – 18 U.S.C. § 1347)**

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about December 16, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided Personal Assistant service for TINER on the dates of December 12, 2017 through December 15, 2017, when, as defendants well knew, HOLT was hospitalized as an in-patient at Barnes-Jewish Hospital on those dates;

In violation of Title 18, United States Code, Section 1347.

21

## COUNT THIRTY ONE
### (Health Care Fraud – 18 U.S.C. § 1347)

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about January 1, 2018, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully signed a "Home Services Program Time Sheet" on which they certified that HOLT had provided Personal Assistant service for TINER on the dates of December 16, 2017 through December 29, 2017, when, as defendants well knew, HOLT was hospitalized as an in-patient at Barnes-Jewish Hospital on those dates;

In violation of Title 18, United States Code, Section 1347.

## COUNT THIRTY TWO
### (Health Care Fraud – 18 U.S.C. § 1347)

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about August 30, 2018, in St. Clair County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully made a false representation to a IDHS Rehabilitation Counselor, specifically that he used a wheelchair to move around, that he was unable to walk, and that he was unable to drive;

In violation of Title 18, United States Code, Section 1347.

22

**COUNT THIRTY THREE**
**(Health Care Fraud – 18 U.S.C. § 1347)**

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about August 30, 2018, in St. Clair County, within the Southern District of

Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so,

knowingly and willfully made a false representation on a Home Services Program Financial Data

Sheet, specifically that he had not transferred any assets to another party within the past 36 months,

when, as TINER well knew, on approximately March 30, 2018, he had transferred $41,000 from

a personal injury award to HOLT, and on June 5, 2018, he had transferred approximately

$470,858.82 from a personal injury award to HOLT;

In violation of Title 18, United States Code, Section 1347.


**COUNT THIRTY FOUR**
**(Health Care Fraud – 18 U.S.C. § 1347)**

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about August 26, 2019, in St. Clair County, within the Southern District of

Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so,

knowingly and willfully made a false representation to a IDHS Rehabilitation Counselor,

specifically that he used a wheelchair to move around and that he was unable to walk;

In violation of Title 18, United States Code, Section 1347.

23

## COUNT THIRTY FIVE
### (Health Care Fraud – 18 U.S.C. § 1347)

1.      Paragraphs 1 through 10 of Count Twenty One of this indictment are realleged here.

2.      On or about August 26, 2019, in St. Clair County, within the Southern District of Illinois, and elsewhere,

### EMMITT T. TINER,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly and willfully made a false representation on a Home Services Program Financial Data Sheet, specifically that he had not transferred any assets to another party within the past 36 months, when, as TINER well knew, from approximately December 13, 2018, through approximately August 15, 2019, he had transferred over $1,500,000 in funds he received from R.G. to HOLT;

In violation of Title 18, United States Code, Section 1347.

24

## COUNT THIRTY SIX
**(Material Misstatement of Fact to a Domestic Financial Institution – 31 U.S.C. § 5324(a)(2))**

On or about March 18, 2017, in Madison County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, knowingly and for the purpose of evading the reporting requirements of section 5313(a), and the regulations promulgated thereunder, caused and attempted to cause a domestic financial institution, namely Herman's Pawn Shop in Collinsville, Illinois, to file a currency transaction report that contained a material misstatement of fact, namely a false social security number for TINER;

In violation of Title 31, United States Code, Section 5324(a)(2).

## COUNT THIRTY SEVEN
**(Use of a Social Security Number of Another Person in Violation of the Law – 42 U.S.C. § 408(a)(8))**

On or about March 18, 2017, in Madison County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, knowingly used the social security number of another person, namely C.B., in violation of the laws of the United States, namely for the purpose of causing a domestic financial institution to file a currency transaction report that contained a material misstatement of fact, as charged Count Thirty Six;

In violation of Title 42, United States Code, Section 408(a)(8).

25

**COUNT THIRTY EIGHT**
**(False Representation of a Social Security Number – 42 U.S.C. § 408(a)(7)(B))**

On or about March 18, 2017, in Madison County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, knowingly and with the intent to deceive, for the purpose of concealing his currency transactions from the Internal Revenue Service, falsely represented that his social security number was xxx-xx-3353, when in fact, as TINER well knew, that number was not the social security number assigned to him by the Commissioner of Social Security;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

**COUNT THIRTY NINE**
**(Aggravated Identity Theft – 18 U.S.C. §  1028A(a)(1))**

On or about March 18, 2017, in Madison County, within the Southern District of Illinois, and elsewhere,

EMMITT T. TINER,

defendant herein, knowingly used, without lawful authority, a means of identification of another person, specifically the social security number of C.B., and TINER's use of that means of identification was during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028(c), namely the use of a social security number of another person in violation of the law and false representation of a social security number charged in Counts Thirty Seven and Thirty Eight, and TINER knew the social security number belonged to another actual person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

**COUNTS FORTY THROUGH FIFTY ONE**
(Money Laundering – 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

On or about the dates set forth in the table below, in St. Clair County, within the Southern District of Illinois,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, knowingly caused financial transactions to be conducted affecting interstate commerce, namely the deposits of cashier's checks purchased by R.G. in the amounts set forth below into banks accounts in the name of HOLT at the banks set forth below, which involved the proceeds of specified unlawful activity, that is the federal mail fraud and federal extortion violations charged in this indictment, and violations of the Illinois Intimidation statute, 720 ILCS 5/12-6, knowing the transactions were designed in whole and in part to conceal and disguise, the nature, location, ownership, and control of the proceeds of the specified unlawful activity, and that while they caused the financial transactions to be conducted, they knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity, each transaction on each date constituting a separate count;

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 40 | 12/13/2018 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $160,000, deposited into an account in Holt's name at U.S. Bank |
| 41 | 01/30/2019 | Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $110,000, deposited into an account in Holt's name at Associated Bank |
| 42 | 02/07/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $50,000, deposited into an account in Holt's name at Associated Bank |

| | | |
|---|---|---|
| | | Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $25,000, deposited into an account in Holt's name at Associated Bank |
| 43 | 02/15/2019 | Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $111,000, deposited into an account in Holt's name at Associated Bank |
| 44 | 03/05/2019 | Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $111,000, deposited into an account in Holt's name at Associated Bank |
| 45 | 03/19/2019 | Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $111,000, deposited into an account in Holt's name at Associated Bank |
| 46 | 04/03/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $118,000, deposited into an account in Holt's name at Associated Bank<br><br>Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $42,000, deposited into an account in Holt's name at Associated Bank<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $42,000, deposited into an account in Holt's name at Associated Bank |
| 47 | 05/01/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $100,000, deposited into an account in Holt's name at Associated Bank<br><br>Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $75,000, deposited into an account in Holt's name at Associated Bank<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of |

| | | |
|---|---|---|
| | | $75,000, deposited into an account in Holt's name at Associated Bank |
| 48 | 05/28/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $100,000, deposited into an account in Holt's name at Associated Bank<br><br>Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $75,000, deposited into an account in Holt's name at Associated Bank<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $75,000, deposited into an account in Holt's name at Associated Bank |
| 49 | 08/15/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $300,000, deposited into an account in Holt's name at Regions Bank |
| 50 | 10/22/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $375,000, deposited into an account in Holt's name at Regions Bank |
| 51 | 12/02/2019 | Cashier's check, drawn on First County Bank, payable to Matissia Holt, in the amount of $50,000, deposited into an account in Holt's name at Regions Bank<br><br>Cashier's check, drawn on Providence Bank, payable to Matissia Holt, in the amount of $25,000, deposited into an account in Holt's name at Regions Bank<br><br>Cashier's check, drawn on Commerce Bank, payable to Matissia Holt, in the amount of $25,000, deposited into an account in Holt's name at Regions Bank |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIFTY TWO
**(Monetary Transaction in Criminally Derived Property – 18 U.S.C. § 1957 and 2)**

On or about February 8, 2019, in St. Clair County, within the Southern District of Illinois,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, knowingly engaged in, and caused to be engaged in, a monetary transaction by
and through a financial institution, affecting interstate commerce, in criminally derived property
of a value greater than $10,000, namely the wire transfer of $366,991.91, from the Associated
Bank account in the name of HOLT, to First American Title Insurance Company, for the purchase
of 210 Knollhaven Trail in O'Fallon, Illinois, such property having been derived from a specified
unlawful activity, that is that is the federal mail fraud and federal extortion violations charged in
this indictment, and violations of the Illinois Intimidation statute, 720 ILCS 5/12-6;

In violation of Title 18, United States Code, Sections 1957 and 2.

30

**COUNT FIFTY THREE**
**(Monetary Transaction in Criminally Derived Property – 18 U.S.C. § 1957 and 2)**

On or about February 19, 2019, in St. Clair County, within the Southern District of Illinois,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, knowingly engaged in, and caused to be engaged in, a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, namely the writing of check number 1002 in the amount of $39,319.95, from the Associated Bank account in the name of HOLT, to Jack Schmitt Cadillac, for the purchase of 2019 Cadillac Escalade, such property having been derived from a specified unlawful activity, that is the federal mail fraud and federal extortion violations charged in this indictment, and violations of the Illinois Intimidation statute, 720 ILCS 5/12-6;

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FIFTY FOUR
**(Monetary Transaction in Criminally Derived Property – 18 U.S.C. § 1957 and 2)**

On or about June 7, 2019, in St. Clair County, within the Southern District of Illinois,

EMMITT T. TINER, and
MATISSIA S. HOLT,

defendants herein, knowingly engaged in, and caused to be engaged in, a monetary transaction by and through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, namely the wire transfer of $160,290.61, from the Associated Bank account in the name of HOLT, to First American Title Insurance Company, for the purchase of a lot located at 1405 Pausch Road, in O'Fallon, Illinois, such property having been derived from a specified unlawful activity, that is the federal mail fraud and federal extortion violations charged in this indictment, and violations of the Illinois Intimidation statute, 720 ILCS 5/12-6;

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION

As a result of the commission of the offenses described in Counts 7 through 20, and Counts 40 through 54 of this indictment,

EMMITT T. TINER, and<br>
MATISSIA S. HOLT,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(d), and Title 18, United States Code, Section 982(a)(1), any and all property constituting, or derived from, any proceeds said defendants obtained, directly or indirectly, as a result of said violations.  The property to be forfeited includes, but is not limited to:

1.    $2,155,000 in United States funds, in that such sum in aggregate was received as proceeds from Mail Fraud, Extortion, Money Laundering, or Monetary Transactions in Criminally Derived Property, or is traceable thereto, less credit for any of the items listed below:

**Real Property:**

2.    Real property located at 210 Knollhaven Trail, O'Fallon, St. Clair County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:

Lot 80 of "Hearthstone (The Manors), being a part of the South Half of Section 8 in Township 2 North, Range 7 West, Third Principal Meridian, St Clair County, Illinois"; reference being had to the plat thereof recorded in the Recorder's Office of St. Clair County, Illinois in Book of Plats "101" on Page 17.

Excepting the coal, oil, gas and other minerals underlying the premises.

Parcel No. 04-08-404-002.

3.    Real property located at 1405 Pausch Road, O'Fallon, St. Clair County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:

Part of the Southeast Quarter (SE ¼) of Section 11, Township 2 North, Range 8 West of the Third Principal Meridian, St. Clair County, Illinois and being more particularly described as follows, to-wit:  Commencing at the

33

Southeast corner of said Section 11; thence Northerly along the East line of said Section 11, a distance of 665.46 feet to the Point of Beginning of the tract of land herein being described; thence Northwesterly along a line making a clockwise angle from the last described course of 110 degrees 02 minutes 00 seconds, a distance of 106.41 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 177 degrees 42 minutes 00 seconds, a distance of 149.58 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 186 degrees 15 minutes 00 seconds, a distance of 96.48 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 188 degrees 16 minutes 00 seconds, a distance of 111.05 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 185 degrees 00 minutes 00 seconds, a distance of 80.19 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 185 degrees 53 minutes 00 seconds, a distance of 73.14 feet; thence Southwesterly along a line making a clockwise angle from the last described course of 95 degrees 04 minutes 00 seconds, a distance of 93.86 feet to a point of curve of a curve to the left having a radius of 151.71 feet; thence Southwesterly along said curve the chord of which when measured at a clockwise angle from the last described course of 155 degrees 30 minutes 15 seconds, is 125.85 feet; thence Southerly along a line making a clockwise angle from the last described course of 155 degrees 30 minutes 15 seconds, a distance of 387.61 feet; thence Easterly along a line making a clockwise angle from the last described course of 91 degrees 13 minutes 30 seconds, a distance of 656.91 feet to the East line of Section 11; thence Northerly along the East line of said Section 11 making a clockwise angle from the last described course of 89 degrees 34 minutes 00 seconds, a distance of 291.26 feet to the Point of Beginning.

Also the right to a 20 foot ingress-egress and utility easement as recorded in the St. Clair County Recorder's Office in Deed Book 2778 on Page 1671, Deed Book 2724 on Page 1967 and Deed Book 2854 on Page 1264.

Except coal, gas, and other mineral rights conveyed, excepted or reserved in prior conveyances.

Parcel No. 03-11.0-400-024.

**Vehicles:**

4.     One 2019 Cadillac Escalade, VIN: 1GYS4KKJ7KR254957, with all accessories, attachments, and components thereon.

5.     One 2020 Ford F350 Crew Cab XLT, VIN: 1FT8W3B64LEC41202, with all accessories, attachments, and components thereon.

34

**Bank Accounts:**

6.     Any and all funds seized from Regions Bank account xxxxx4577 in the name of Matissia Holt.

7.     Any and all funds seized from Scott Credit Union account xxx8198 in the name of Matissia Holt.

**Substitute property:**

In the event that any of the above-listed property or funds, as a result of any acts or omissions of the defendants, 1) cannot be located upon the exercise of due diligence, 2) has been transferred or sold to, or deposited with, a third party, 3) has been placed beyond the jurisdiction of the court, 4) has been substantially diminished in value, or 5) has been commingled with other property which cannot be divided without difficulty, the defendants shall forfeit any other of their property up to the value of the property which 1) cannot be located upon the exercise of due diligence, 2) has been transferred or sold to, or deposited with, a third party, 3) has been placed beyond the jurisdiction of the court, 4) has been substantially diminished in value, or 5) has been commingled with other property which cannot be divided without difficulty, pursuant to Title 18, United States Code, Section 853(p). The substitute property includes, but is not limited to, the following:

**One 2019 Dodge Durango, VIN: 1C4SDJCT9KC550873 with all accessories, attachments, and components thereon.**

**One Rolex Watch, serial number #R3103903.**

**One Men's 16 diamond 2 KT 14 KT gold 9.6 DWT ring.**

**One pair of 14 KT 3.10 DWT earrings.**

**One pair of 14 KT 1.40 DWT earrings.**

**One two-tone tennis bracelet 10K, approximately 7 inches in length, 8.8 DWT.**

In addition, should any of the specific property identified in this indictment be found in whole or in part to be not directly forfeitable, the United States shall, pursuant to Title 18, United States Code, Section 853(p), seek the forfeiture of said property as substitute property instead.

A TRUE BILL

Digitally signed by
STEVEN WEINHOEFT
Date: 2020.11.17
08:56:11 -06'00'

STEVEN D. WEINHOEFT
United States Attorney

SCOTT A. VERSEMAN
Assistant United States Attorney

Recommended bond: Emmitt T. Tiner – Detention
                  Matissia S. Holt -- $10,000 Unsecured