IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 20 CR 30166-SPM-02 |
| ) | |
| MATISSIA S. HOLT, ) | |
| ) | |
| Defendant. ) | |

## **PLEA AGREEMENT**

The attorney for the United States and the attorney for the Defendant have engaged in discussions and have reached an agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The terms are as follows:

### I. **Charges, Penalties, and Elements**

1. Defendant understands the charges contained in Counts Twenty-Two, Forty and Fifty-Two of the Indictment and will plead guilty to those charges. Defendant understands the essential elements of that charge and the possible penalties, as set forth below:

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 22 | Health Care Fraud<br><br>18 U.S.C. § 1347 | **Imprisonment:** 10 years<br>**Fine:** $250,000<br>**Supervised Release:** 3 years<br>**Special Assessment:** $100 | 1. There was a scheme to defraud a health care benefit program, or to obtain money under the control of, a health care benefit program by means of false or fraudulent pretenses, representations, or promises, as charged in the indictment; and<br><br>2. The defendant knowingly and willfully carried out the scheme; and<br><br>3. The defendant acted with the intent to defraud the health care benefit program; and<br><br>4. The scheme involved a materially false or fraudulent pretense, representation, or promise; and<br><br>5. The scheme was in connection with the delivery of or payment for health care services. |
| 40 | Money Laundering<br><br>18 U.S.C. § 1956(a)(1)(B)(i) | **Imprisonment:** 20 years<br>**Fine:** $500,000 or Twice the Value of the Property Involved in the Transactions<br>**Supervised Release:** 3 years<br>**Special Assessment:** $100 | 1. The Defendant knowingly conducted or attempted to conduct a financial transaction; and<br><br>2. Some or all of the property involved in the financial transaction was proceeds of the federal offenses of Extortion or Mail Fraud, or the Illinois state offense of Intimidation; and<br><br>3. The Defendant knew that the property involved in the financial transaction represented proceeds of some form of unlawful activity; and<br><br>4. The Defendant knew that the transaction was designed in whole or in part to conceal the nature, location, source, ownership, or control of the proceeds of the federal offenses of Extortion or Mail Fraud, or the Illinois state offense of Intimidation. |

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 52 | Monetary Transactions in Criminally Derived Proceeds<br><br>18 U.S.C. § 1957 | **Imprisonment:** 10 years<br>**Fine:** $250,000 or Twice the Amount of the Criminally Derived Property Involved in the Transaction<br>**Supervised Release:** 3 years<br>**Special Assessment:** $100 | 1. The Defendant engaged or attempted to engage in a monetary transaction; and<br>2. The Defendant knew the transaction involved criminally derived property; and<br>3. The property had a value greater than $10,000; and<br>4. The property was derived from the federal offenses of Extortion or Mail Fraud, or the Illinois state offense of Intimidation; and<br>5. The transaction occurred in the United States. |

Defendant committed acts that satisfy each of the essential elements listed above.

2. The United States agrees to dismiss Counts Twenty-Three through Twenty-Six, Twenty-Eight through Thirty-One, Forty-One through Fifty-One, Fifty-Three, and Fifty-Four at the time of sentencing.

3. Title 18, United States Code, Section 3013 requires the Court to assess a $100 "special assessment" per felony count. Defendant understands that the special assessment will be due immediately at the time of sentencing.

4. Defendant understands that the United States may recommend, and the Court may impose, a fine, costs of incarceration, and costs of supervision. The Defendant agrees to participate in the Inmate Financial Responsibility Program to help satisfy any financial obligations.

5. Defendant shall provide the United States Probation Office with all information requested to prepare the Presentence Report, including signing all releases. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act.

Defendant agrees to make complete financial disclosure by truthfully filling out a financial statement, at the direction of the United States Attorney's Office. Defendant also expressly authorizes the United States Attorney's Office to obtain Defendant's credit report on or after the date of this agreement.

6. As required by Title 18, United States Code, Section 3663A, Defendant will pay restitution in the amount of $2,155,000 to the victim with the initials R.G. Restitution is due and payable immediately at the time of sentencing.

## II. Advisory Sentencing Guidelines

1. Defendant understands that in determining the sentence, the Court is obligated to consider the minimum and maximum penalties allowed by law. In determining what sentence to impose, the Court will also calculate and consider the applicable range under the U.S. Sentencing Guidelines. The Court will ultimately determine the sentence after hearing the arguments of the parties and considering the sentencing factors set forth at 18 U.S.C. §3553(a), which include:

> (i) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (iii) the kinds of sentences available;
>
> (iv) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (v) the need to provide restitution to any victim of the offense.

2. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court is not bound by the parties' calculations of the US Sentencing Guidelines range set forth in this Plea Agreement

or by the parties' sentencing recommendations. Therefore, the Court may impose a different sentence than what is described in this Plea Agreement - anywhere between the minimum sentence (if any) up to the statutory maximum sentence. If the Court imposes a different sentence than what is described in this Plea Agreement, the parties shall not be permitted to withdraw from the Plea Agreement and the Defendant will not be permitted to withdraw the guilty plea.

3.  The United States and Defendant submit that, after all factors have been considered, Defendant will have the following advisory US Sentencing Guideline range:

> Offense Level 22,
> Criminal History Category of I,
> Imprisonment range of 41 – 51 months,
> Fine range of $15,000 – $150,000.

4.  The parties submit that the applicable advisory Guideline calculation is as follows:

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| § 2B1.1(a)(2) | Base Offense Level – Health Care Fraud | 7 |
| § 2B1.1(b)(1)(D) | Loss > $40,000 | +6 |
| | Total Offense Level for Health Care Fraud Offenses | 13 |
| | | |
| § 2S1.1(a)(1) | Base Offense Level for Money Laundering and Monetary Transactions offenses | 23 |
| § 2S1.1(b)(2)(B) | Conviction on § 1956 offenses | 2 |
| | Total Offense Level for Money Laundering Offenses | 25 |
| Chapter 3 Adjustments | | |
| §3A | Victim related adjustments – The parties agree that no victim-related adjustments apply to this offense | +0 |
| §3B1.3 | Abuse of a Position of Trust | +0 |
| §3C | Obstruction – The parties agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, Defendant's base offense level should not be increased.) | +0 |
| | | |
| §3D1.1 | Multi-Count grouping | |
| § 3D1.2(d) | Health Care Fraud and Money Laundering Offenses Grouped because Offense Level Determined Largely on Amount of Loss | +0 |

5

| Guideline Section | Description | Level |
|---|---|---|
|  |  |  |
|  | TOTAL OFFENSE LEVEL | 25 |
| §3E1.1 | Acceptance of Responsibility | (-3) |
|  |  |  |
|  | **OFFENSE LEVEL:** | 22 |

5. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of **2** Levels. See U.S.S.G. § 3E1.1. The parties also agree that the Defendant qualifies for an additional **1** Level reduction by timely notifying authorities of an intention to plead guilty thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. However, a reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying, or frivolously contesting, relevant conduct or committing any acts constituting obstruction of justice.

6. The parties submit that it appears that Defendant has amassed **(0) Criminal History points** and that, therefore, the Sentencing Guideline **Criminal History Category is I**.

7. The parties acknowledge that the Defendant is in the best position to know if her criminal history information is correct and complete. If it is not, the sentencing calculations reflected in this Plea Agreement may be substantially impacted. Defendant further recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted. Regardless of the criminal history found by the Court, the parties will not be able to withdraw from this plea agreement and the Defendant will not be able to withdraw the guilty plea.

8.     The parties reserve the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category, which may be different from the calculations set forth in this Plea Agreement.

### III. Sentencing Recommendations

1.     The United States agrees to recommend a sentence at the low end of the Sentencing Guidelines range. The Defendant reserves the right to argue that the factors set for at 18 U.S.C. § 3553(a) warrant a sentence below the Sentencing Guidelines range.

### IV. Limitation of Plea Agreement & Breach of the Agreement

1.     All agreements between the parties are written and no other promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement, the Stipulation of Facts, and any supplements, make up the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written. The terms of this Plea Agreement can be modified only in writing signed by all of the parties.

2.     The United States will file a sealed supplement to this plea agreement, as required in every case in the Southern District of Illinois. That supplement may, or may not, include additional terms. If additional terms are included in the supplement, they are incorporated and made a part of this Plea Agreement.

3.     Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

7

4. If the Defendant commits any violation of local, state or federal law (other than a petty traffic offense), violates any condition of release, violates or fails to perform any term of this Plea Agreement, provides misleading, incomplete, or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may ask the Court to be released from its obligations under this Plea Agreement. The United States may also, in its sole discretion, proceed with this Plea Agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the guilty plea.

5. Defendant agrees that in the event the Defendant materially breaches this Plea Agreement, or Defendant is permitted to withdraw Defendant's guilty plea(s), that any and all statements made by Defendant, whether under oath or not, at the change of plea hearing, and any evidence derived from such statements, are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## V. **Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver**

1. The Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained the waivers of rights, and the consequences of those waivers, that are contained in this Plea Agreement. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2.      By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3.      **Release Pending Sentencing:** The Defendant acknowledges that Title 18, United States Code, Section 3143(a)(1) requires that upon a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if admitted to bond, pursuant to Title 18, United States Code, §3142(b) or (c). The United States and the Defendant agree that there are exceptional circumstances that would justify Defendant's release pending sentencing.

4.      Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

5.      Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack.  However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding,** including the manner in which the sentence was determined or imposed, that could

9

be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: 1) the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).

6. **Exceptions to the waiver of the right to appeal or bring a collateral attack:**

   a. If the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

   b. The defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel.

The United States reserves the right to oppose any such claim for relief. The parties agree that the Defendant is waiving all appeal and collateral attack rights, except those specified in this paragraph of the Plea Agreement.

7. Except as expressly permitted in the preceding paragraph, Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate, including having a court declare that Defendant has materially breached this Plea Agreement.

8.  Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

9.  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States, or unit of state government, any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a, or the Illinois Freedom of Information Act (5 ILCS 140) or the Illinois Open Meetings Act (5 ILCS 120).

10. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

11. Defendant waives all civil claims against the United States or any official working on behalf of the United States during the investigation or prosecution of this matter.

## VI. Collateral Consequences of Conviction

1.  Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. Defendant acknowledges that other collateral consequences are possible.

### VII. Defendant's Acknowledgements

1. Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges having had adequate opportunity to discuss the potential consequences of the guilty plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily, and knowingly, because Defendant is in fact guilty.

2. By signing this Plea Agreement, Defendant certifies having read it (or that it has been read to Defendant in a language that Defendant understands), Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

### VIII. Forfeiture

1. Agreement to forfeit assets.

The Defendant agrees to forfeit to the United States immediately and voluntarily any and all interest she may have in any assets and property which constitutes proceeds or property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses described in Counts 7–20 and 40-54 of Indictment. The items to be forfeited include the following:

    1. $2,155,000 in United States funds, in that such sum in aggregate was received as proceeds from Mail Fraud, Extortion, Money Laundering, or Monetary Transactions in Criminally Derived Property, or is traceable thereto, less credit for any of the items listed below:

**Real Property:**

2.  Real property located at 210 Knollhaven Trail, O'Fallon, St. Clair County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:

    Lot 80 of "Hearthstone (The Manors), being a part of the South Half of Section 8 in Township 2 North, Range 7 West, Third Principal Meridian, St Clair County, Illinois"; reference being had to the plat thereof recorded in the Recorder's Office of St. Clair County, Illinois in Book of Plats "101" on Page 17.

    Excepting the coal, oil, gas and other minerals underlying the premises.

    Parcel No. 04-08-404-002.

3.  Real property located at 1405 Pausch Road, O'Fallon, St. Clair County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:

    Part of the Southeast Quarter (SE ¼) of Section 11, Township 2 North, Range 8 West of the Third Principal Meridian, St. Clair County, Illinois and being more particularly described as follows, to-wit: Commencing at the Southeast corner of said Section 11; thence Northerly along the East line of said Section 11, a distance of 665.46 feet to the Point of Beginning of the tract of land herein being described; thence Northwesterly along a line making a clockwise angle from the last described course of 110 degrees 02 minutes 00 seconds, a distance of 106.41 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 177 degrees 42 minutes 00 seconds, a distance of 149.58 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 186 degrees 15 minutes 00 seconds, a distance of 96.48 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 188 degrees 16 minutes 00 seconds, a distance of 111.05 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 185 degrees 00 minutes 00 seconds, a distance of 80.19 feet; thence Northwesterly along a line making a clockwise angle from the last described course of 185 degrees 53 minutes 00 seconds, a distance of 73.14 feet; thence Southwesterly along a line making a clockwise angle from the last described course of 95 degrees 04 minutes 00 seconds, a distance of 93.86 feet to a point of curve of a curve to the left having a radius of 151.71 feet; thence Southwesterly along said curve the chord of which when measured at a clockwise angle from the last described course of 155 degrees 30 minutes 15 seconds, is 125.85 feet; thence

Southerly along a line making a clockwise angle from the last described course of 155 degrees 30 minutes 15 seconds, a distance of 387.61 feet; thence Easterly along a line making a clockwise angle from the last described course of 91 degrees 13 minutes 30 seconds, a distance of 656.91 feet to the East line of Section 11; thence Northerly along the East line of said Section 11 making a clockwise angle from the last described course of 89 degrees 34 minutes 00 seconds, a distance of 291.26 feet to the Point of Beginning.

Also the right to a 20 foot ingress-egress and utility easement as recorded in the St. Clair County Recorder's Office in Deed Book 2778 on Page 1671, Deed Book 2724 on Page 1967 and Deed Book 2854 on Page 1264.

Except coal, gas, and other mineral rights conveyed, excepted or reserved in prior conveyances.

Parcel No. 03-11.0-400-024.

**Vehicles:**

4. One 2019 Cadillac Escalade, VIN: 1GYS4KKJ7KR254957, with all accessories, attachments, and components thereon.

5. One 2020 Ford F350 Crew Cab XLT, VIN: 1FT8W3B64LEC41202, with all accessories, attachments, and components thereon.

6. One 1962 Chevrolet Impala, VIN: 21869F279747, with all accessories, attachments, and components thereon.

**Bank Accounts:**

7. Any and all funds seized from Regions Bank account xxxxx4577 in the name of Matissia Holt. The amount of funds seized was $59,624.20.

8. Any and all funds seized from Scott Credit Union account xxx8198 in the name of Matissia Holt. The amount of funds seized was $17,065.66

All assets to be forfeited include any and all property constituting, or derived from, any proceeds said defendant obtained, directly or indirectly, as a result of said offense.

The defendant agrees that said items are forfeitable.

The United States may abandon forfeiture of any of the items by filing notice of same with the Court.

2. <u>Assist in recovery of assets</u>.

The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. The Defendant further authorizes her attorney, Gregory N. Smith, to execute on the Defendant's behalf any documents requested by the Government to effectuate the forfeitures.

The Defendant agrees to consent to any civil or administrative forfeiture brought against the property described above pursuant to 21 U.S.C. § 881. The Defendant waives service of process or notice in any such civil or administrative proceeding and agrees that an order for forfeiture may be entered in said civil or administrative proceeding without further notice or hearing.

If requested by the Government, all steps necessary to locate property and to pass title to the United States shall be completed before the Defendant's sentencing.

The Defendant agrees that forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

3. <u>Forfeiture of other assets and entry of forfeiture monetary judgment</u>.

The Defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the Defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or

deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the Defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.

The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture. The parties agree that the net proceeds from the sale of all forfeited items shall be applied to the restitution ordered in this case.

The Defendant agrees that she and her co-defendant received at least $2,155,000 in United States currency as proceeds of the offenses described in Counts 7-20 and 40-54 of the Indictment. Defendant agrees that a monetary forfeiture judgment in the amount of $2,155,000 shall be entered against her in favor of the United States. Said judgment may be enforced by the forfeiture of substitute property, may be enforced as an ordinary monetary judgment, or may be enforced by a combination of both methods, as long as double recovery is not obtained. The forfeiture of the individual property items described in paragraph 1 above (items 2 - 8) shall constitute a credit towards said monetary judgment. The Defendant further stipulates that the property represented by said monetary judgment, as a result of acts and omissions of the defendant, either cannot be located upon the exercise of due diligence, has been transferred to or deposited with a third party, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty. The Defendant further stipulates that the Court may enter a finding pursuant to 21 USC § 853(p),

without further hearing, and that all elements necessary for the forfeiture of substitute property have been established.

The United States may, but is not obligated to, accept money in lieu of forfeiture of any particular asset pursuant to 19 U.S.C. § 1613(c), and the provisions of said 19 U.S.C. § 1613(c) are hereby incorporated.

The property to be forfeited as substitute property includes, but is not limited to:

1. **One 2019 Dodge Durango, VIN: 1C4SDJCT9KC550873 with all accessories, attachments, and components thereon.**

2. **Various items of jewelry, more particularly described as:**

    a. **One Rolex watch, bearing serial number R3103903;**

    b. **One men's 16 diamond 14kt gold ring;**

    c. **Two pairs of diamond 14kt gold earrings (3.10 DWT and 1.40 DWT); and**

    d. **One two-tone diamond tennis bracelet, approximately 7 inches in length.**

4. <u>Waiver of rights</u>.

The Defendant further specifically waives the following constitutional or legal rights which he may otherwise possibly have had:

    (a)    Any right to assert that the forfeitures violate the 8th Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.

    (b)    Any right to assert that the imposition of the forfeitures constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and the Defendant specifically agrees that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative) shall not be barred by the imposition of the forfeitures, nor shall the imposition of the forfeitures be barred by any such fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative).

    (c)    Any requirement that the forfeitures must be commenced or completed at

or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administration rule or regulation. The Defendant further specifically agrees that the Court may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this plea agreement and that it is not necessary to wait for the formal sentencing of the Defendant for the entry of said order.

## VIII.

No additional matters are in dispute.

UNITED STATES OF AMERICA,

STEVEN D. WEINHOEFT
United States Attorney

_____
MATISSIA S. HOLT
Defendant

_____
SCOTT A. VERSEMAN
Assistant United States Attorney

_____
GREGORY N. SMITH
Attorney for Defendant

Date: 9/2/21

Date: September 2, 2021

18